**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CASE NO: 1:22-CR-108** |
| | ) | |
| **MARQUALDIS ANTWON LOGAN** | ) | |

**GOVERNMENT'S NOTICE OF INTENT**
**TO OFFER PROOF OF OTHER CRIMES, WRONGS, AND ACTS**

Pursuant to Federal Rule of Evidence 404(b) and Local Rule 16.2, the Government hereby provides notice that it intends to offer into evidence at the trial of the Defendant other crimes, wrongs, and acts through Federal Rule of Evidence 404(b) as follows:

(1) On September 9, 2009, the Defendant was convicted of Financial Identity Fraud and Forgery in Dekalb County Superior Court Case Number 05CR2151. He was sentenced to two years of probation on each count, to be served concurrently.

(2) In approximately April 2021, the Defendant fraudulently applied for and received a Payroll Protection Program loan for $20,832.

(3) Between approximately 2017 and 2019, the Defendant stole money from another elderly victim through bank fraud and wire fraud.

To the extent the Defendant testifies, the United States will also seek to cross-examine the Defendant regarding the above.

Records of the aforementioned crimes, wrongs, and acts have been provided to the Defendant in discovery and further related documents will be provided as

they are received by the Government.

In addition, the production to the Defendant in discovery of any other evidence of prior wrongs, crimes, or acts should be taken by the Defendant as an announcement of the government's intention to use such evidence at trial. Because opinions of the parties often differ as to whether particular evidence goes to proof of matters inextricably intertwined, predicate, or part of the transactions charged, or rather constitutes extrinsic proof of intent, motive, plan, etc., under Federal Rule of Evidence 404(b), the Defendant should consider that the government intends to use all information provided in discovery to the extent any rule of evidence permits, absent an express indication to the contrary. In other words, the provision of any information by the government in discovery, to the extent that such information could be admitted at trial under the aegis of Federal Rule of Evidence 404(b), should be considered notice to the Defendant of the government's intention to use such Rule 404(b) evidence. Should Defendant wish to bar the introduction in the government's case-in-chief of any evidence disclosed in discovery, a pretrial ruling should be sought *in limine*, or a stipulation obtained from the government.

## MEMORANDUM OF LAW

The Defendant is charged with eight counts of bank fraud and eight counts of aggravated identity theft committed in connection with the charged bank fraud.

Federal Rule of Evidence 404(b) provides that evidence of other crimes, wrongs, or acts is not admissible to prove the character of the accused to show

conformity therewith. Evidence, however, which proves intent, preparation, plan, knowledge, identity, or absence of mistake or accident may be admissible in certain circumstances.

The three-part test to determine whether extrinsic evidence of prior bad acts is admissible under Rule 404(b) is:

> First, the evidence must be relevant to an issue other than the defendant's character; Second, the act must be established by sufficient proof to permit a jury finding that the defendant committed the extrinsic act; [and] Third, the probative value of the evidence must not be substantially outweighed by its undue prejudice, and the evidence must meet the other requirements of Rule 403.

*United States v. Brooks*, 426 F. App'x 878, 881 (11th Cir. 2011).

The United States intends to introduce the specified crimes, wrongs, and other acts in its case-in-chief to show intent, identity, knowledge, plan, and the lack of accident or mistake. *See e.g.*, *United States v. Brown*, 665 F.3d 1239, 1242, 1248 (11th Cir. 2011) (affirming district court's allowance of 404(b) evidence in fraud case of prior fraudulent checks payable to defendant in order to show intent and absence of mistake); *United States v. Garcia*, 880 F.2d 1277, 1278 (11th Cir. 1989) (prior evidence of forgery admissible under 404(b) in case involving false loan applications); *United States v. Holland*, 722 F. App'x 919, 926–27 (11th Cir. 2018) (upholding evidence of uncharged similar conduct in fraud trial as either inextricably intertwined with charged offenses or under 404(b)); *United States v. Burke*, 645 F. App'x 883, 886 (11th Cir. 2016) (upholding 404(b) admission of prior fraud conviction as probative of intent in fraud trial).

3

There is sufficient proof of the extrinsic act if a jury could find by a preponderance of the evidence that the defendant committed the act. *United States v. Butler*, 737 F. App'x 518, 518 (11th Cir. 2018) (Mem.). A conviction is sufficient proof that the defendant committed the prior act. *United States v. Jernigan*, 341 F. 3d 1273, 1282 (11th Cir. 2003). Here, the Government intends to submit a certified copy of the aforementioned conviction. Additionally, a conviction is not always necessary, as courts have frequently admitted evidence of relevant offense conduct even when a defendant has been acquitted of or never charged in connection with that offense. *United States v. Rodriguez*, 713 F. App'x 815, 819 (11th Cir. 2017). Here the Government intends to introduce relevant documents and elicit testimony from the witnesses to the uncharged extrinsic acts. Therefore, even without a conviction, there is sufficient proof of the Defendant's uncharged extrinsic acts.

To determine whether the evidence is more probative than prejudicial, a district court must assess all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness. *Butler*, 737 F. App'x at 518. "In the Eleventh Circuit, there is not a specific time limit regarding the admissibility of 404(b) evidence that is ten or more years prior to the conduct underlying the charged offense." *United States v. Walden*, 2004 WL 7338549, at *6 (S.D. Fla. Jan. 27, 2004); *see United States v. LeCroy*, 441 F.3d 914, 926 (11th Cir. 2006) (citations omitted) (stating that "[t]his court has previously upheld the admission of Rule

4

404(b) evidence that occurred more than 15 years before the charged offense").

Here, the Government submits that the extrinsic offenses and the charged offenses are similar, as all deal with the Defendant's intentional, knowing commission of fraud. Two of the three instances occurred roughly contemporaneously in time with the charged offenses. The prosecutorial need for the extrinsic evidence is great. Therefore, the Government submits that the extrinsic evidence is more probative than prejudicial.

Respectfully submitted, this 2nd day of February 2023.

DAVID H. ESTES
UNITED STATES ATTORNEY

*s/ Jennifer A. Stanley*
Jennifer A. Stanley
Alabama Bar No. 8400E77T
Assistant United States Attorney
United States Attorney's Office
Southern District of Georgia
P.O. Box 2017
Augusta, Georgia 30903
T: (706) 826-4525
jennifer.stanley@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have on this day served all parties in this case in accordance with the notice of electronic filing ("NEF"), which was generated as a result of electronic filing in this Court.

This 2nd day of February 2023.

DAVID H. ESTES
UNITED STATES ATTORNEY

*/s/ Jennifer A. Stanley*
Assistant United States Attorney